UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-94-SEB-DML |
| | ) | |
| CLINT A. SPENCER, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the May 16, 2013 Order entered by the Honorable Sarah Evans Barker designating the duty Magistrate Judge to conduct a hearing on the Petitions for Summons or Warrant for Offender Under Supervision filed on May 1, 2013. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 16, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

Clint A. Spencer ("Spencer") appeared in person with appointed counsel, Joseph M. Cleary, Assistant Federal Community Defender. The United States appeared by A. Brant Cook, Assistant United States Attorney. U. S. Parole and Probation appeared by Patrick K. Jarosh, U. S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Spencer was re-advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. Spencer stipulated that he committed Violations 1 through 8, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | ***"The defendant shall not commit another federal, state or local crime."***<br><br>On January 4, 2013, the offender admitted to this officer he masturbated in various public locations, including in his truck two times at a reservoir in Kokomo, Indiana; in a mall bathroom; a public restroom in Cicero, Indiana; the ladies restroom at his place of employment; and the bathroom of the Kokomo Public Library. Although no formal charges were filed for the offender's behavior, it appears to meet the Indiana Criminal Code's definition of misdemeanor Public Indecency. Additionally, the offender admitted stealing a toilet plunger from a Taco Bell restaurant in order to use it as a sexual device to anally penetrate himself. No formal charges have been filed; however, it appears to meet the Indiana Criminal Code's definition of misdemeanor Theft. |
| 2 | ***"The defendant shall not commit another federal, state or local crime."***<br><br>On October 24, 2012, the offender admitted to this officer he had committed an act of bestiality against the family dog twice. He later advised he attempted to video tape the activities; however, was unsuccessful. The offender described placing peanut butter on his penis and having the dog lick it off. The offender also admitted to |

digitally penetrating the dog's vagina. The Howard County Prosecutor decided to not pursue charges, but acknowledged the offender's conduct meets the Indiana Criminal Code's definition of felony Bestiality.

3 ***"The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer."***

The offender, who is employed at a bowling alley, was instructed to obtain new employment by the probation officer after the offender admitted having fantasies about minor females at the bowling alley and having unsupervised contact with minors. The offender was given permission to continue employment until obtaining new employment. Additionally, the offender and his employer were advised he was to only work in the back of the bowling alley when the public was present. On April 19, 2013, this officer met with the offender at this establishment and discovered him working in the public area where minors were present. The offender and his employer indicated his shift was over and he was advised to leave the business.

4 ***"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."***

In August 2012, the offender received and responded to correspondence from John McPartlin, who is currently serving a 159 month term of imprisonment with the Bureau of Prisons following a conviction for two Counts of Coercion and Enticement in the District of Oregon. Additionally, he admitted having telephonic contact with Brian MacDonald, who is under supervised release following a conviction in the Central District of California for Possession of Child Pornography. The offender never received permission to have contact with these individuals by this probation officer.

5 ***"The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."***

On October 24, 2012, the offender admitted possessing and viewing pornographic DVDs between June 20, 2012, and October 23, 2012.

He admitted viewing mainstream movies, which he knew to contain nudity, for purposes of viewing nude scenes. Additionally, he admitted taping the following television programs: “Abby’s Ultimate Dance Competition,” “16 and Pregnant,” high school cheerleading competitions and Olympic gymnastics. He admitted he taped these programs to later view and masturbate.

On January 4, 2013, the offender admitted visiting a library and viewing books dealing with breast feeding and pregnancy. Also, he reported checking out a video involving young girls and gymnastics. The offender stated he had visited an area bookstore and viewed a book, “101 Sexual Positions,” and a book dealing with nude female photography.

On March 3, 2013, the offender admitted viewing x-rated playing cards which depicted nudity.

On April 18, 2013, the offender was caught by security at Ivy Tech Kokomo viewing nude images on a computer in the computer center. The offender admitted viewing images of pregnant women and graphic birthing videos for approximately one hour.

6 ***“The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.”***

On April 22, 2013, Courage Counseling, where the offender was participating in sex offender counseling, terminated him “with prejudice,” pending any Court intervention. The offender was terminated due to “...absolute refusal to comply with Safety Plans, which he offers for Program approval, and his apparent relentless pursuit of potential victims.”

7 ***“The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant’s family, the probation officer shall determine if the defendant has***

***notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact then this condition is not intended to prevent approval of the contact."***

On January 4, 2013, the offender admitted having unsupervised contact with a 7-year old minor child, who is the grandson of a friend. He reported he was alone with the child while his friend stepped out of the room during a recent visit. This officer spoke with the offender's friend and confirmed he was aware of the offender's condition regarding unsupervised contact with minors. The offender also reported being alone with his boss's 13-year old son in the back of the bowling alley. This officer had previously spoken with the offender's employer and advised him of the offender's conditions. This officer did not approve any of these incidents of unsupervised contact prior to the events occurring.

8 ***"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."***

As noted in Allegation #5, On April 18, 2013, the offender utilized a computer at Ivy Tech Kokomo to access the Internet. The offender had received no prior approval to use computers at this site. During this incident, the offender viewed images that witnesses described as nude females. The offender indicated he had viewed images of females who were pregnant and viewed graphic birthing videos. He was confronted by security and asked to leave.

3. The highest grade of Violation is alleged as a Grade B violation, pursuant to U.S.S.G. § 7B1.1(a)(2).

4. Spencer's criminal history category is I.

5. The advisory term of imprisonment applicable upon revocation of Spencer's supervised release, therefore, is 4-10 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

6. Spencer admitted to the court that he violated the terms of his supervised release. The Court heard argument from the parties concerning the appropriate disposition of the case.

7. The appropriate disposition for Spencer's violation of the conditions of supervised release is **REVOKED** as follows:

(*a)* Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of 10 months.

*(b)* At the conclusion of the 10 month term of imprisonment, the defendant shall then continue on supervised release for the remainder of his life under the previously ordered conditions of supervised release entered by the Court.

The Court, having heard the admissions of the defendant, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Clint A. Spencer, violated the above-delineated conditions in the Petition.

Spencer's supervised release is therefore REVOKED and he is sentenced to the custody of the Attorney General or his designee for a period of 10 months, with lifetime supervised release to follow. The Court further

recommends that the Bureau of Prisons enroll Spencer in a sex offender treatment program as soon as practicable. Further, the Court requests that the Bureau of Prisons take custody of him so that he can begin such treatment as soon as practicable.

The Magistrate Judge requests that Patrick A. Jarosh, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Spencer stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Spencer entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of

the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Spencer's supervised release and imposing a sentence of imprisonment of 10 months in the custody of the Attorney General or his designee with lifetime supervised release to follow.

**IT IS SO RECOMMENDED** this 05/17/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven DeBrota
Senior Litigation Counsel

A. Brant Cook
Assistant United States Attorney

Joseph M. Cleary
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal